## Commonwealth v. Malone

*Thomas A. Placey, assistant district attorney,* for the Commonwealth.

*John Mancke,* for defendant.

BAYLEY, *J.,* September 22, 1993—Defendant is charged with a count of driving under the influence in violation of the Vehicle Code at 75 Pa.C.S. §3731. We

held a hearing on her omnibus pretrial motion and find the following facts.

Patrolman William A. Burger Jr., of Silver Spring Township, was in a marked police vehicle stopped at a stop sign on Artcraft Drive at Trindle Road, Route 641, at 2:50 a.m. on January 23, 1993. He observed a vehicle operated by defendant pass him traveling east on Trindle Road. The officer pulled behind the vehicle although there was nothing unusual about defendant's driving. There is one solid line delineating the berm and double solid lines dividing the two-lane Trindle Road. Just prior to the intersection of Lodge Road, the officer observed *the passenger side wheels of defendant's vehicle go into the berm area approximately one foot.* In the area of the intersection of Trindle Road and Pheasant Street, the officer observed defendant *cross the center lines with the driver's side wheels, approximately one foot.*

Defendant proceeded further on Trindle Road and at the intersection of State Road, she activated her left-turn signal and made a proper turn onto that road. Up to that point, the officer had followed defendant, as he testified, for approximately three quarters of a mile although it was possible that it was as much as a mile and a half. Defendant then traveled on State Road until she made a proper right turn onto Church Road. She proceeded on Church Road and as she was about to make a left turn into Mulberry Road, the officer activated the lights on his patrol vehicle. Defendant made a proper left turn onto Mulberry Road and immediately turned into a private driveway and stopped in a grassy area. There was no other traffic in either direction from the time the officer first observed defendant on Trindle Road until he stopped her eight minutes later at 2:58 a.m. Defendant was driving within the speed limit at all times. While on Trindle Road the officer was approximately 75 yards behind de-

fendant. When he activated his lights on Church Road, he was approximately 25 yards behind her. Church Road is a narrower road than Trindle Road. The officer testified he stopped defendant solely because *"on two separate occasions on Trindle Road, I viewed the vehicle cross either the berm line or the center line."*

Defendant and a passenger were in the vehicle. Defendant produced a license and the officer saw that her eyes were bloodshot and glassy. There was a strong odor of alcohol from her breath. He told her he would perform three field sobriety tests. After he performed a horizontal gaze nystagmus test she said she would not do any more tests. He then arrested her for driving under the influence. She was taken to a facility where blood was drawn after which she was taken to a booking center at 3:56 a.m. A horizontal gaze nystagmus test was performed, and she passed both a walk-and-turn and one-leg-stand test.

Initially, defendant seeks to suppress all evidence on her claim that the stop was illegal. The Commonwealth, bowing to reality, does not assert that defendant's driving was erratic or unsafe, or that it could even be categorized as weaving so as to warrant an investigative stop. See *Commonwealth v. DeWitt,* 530 Pa. 299, 608 A.2d 1030 (1992). Rather, the Commonwealth simply maintains that the police officer had reasonable grounds to believe there was a violation of the Vehicle Code at 75 Pa.C.S. §3309(1) because he had observed defendant fail to drive "entirely" within a single, marked lane on Trindle Road. Section 3309 provides:

*"Driving on roadways laned for traffic*

"Whenever any roadway has been divided into two or more clearly marked lanes for traffic the following rules in addition to all others not inconsistent therewith shall apply:

"(1) *Driving within single lane*—A vehicle shall be driven *as nearly as practicable* entirely within a single lane *and shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety.*" (emphasis added)

There are a dearth of reported decisions interpreting section 3309(1), probably because no stop like this has ever worked its way into the courts. In *Commonwealth v. Whitmyer*, 415 Pa. Super. 393, 609 A.2d 809 (1992), the Superior Court stated:

"In order to legally stop a single vehicle for a summary violation of the Vehicle Code a police officer 'must have probable cause based on specific facts which indicate to him ... [that the] vehicle or the driver is in violation of the code.' " *Commonwealth v. Swanger*, 453 Pa. 107, 307 A.2d 875 (1973).

On the unique facts of this case, we conclude Officer Burger did not have probable cause based on specific facts observed by him to believe that section 3309(1) of the Vehicle Code had been violated. Therefore, the stop was illegal and all evidence obtained therefrom must be suppressed. Section 3309(1) does not require perfect adherence to driving entirely within a single marked lane on all occasions. It only requires that a vehicle be driven *as nearly as practicable* entirely within a single marked lane. The requirement to drive entirely within a single marked lane "as nearly as practicable" is further subject to the exception *until the driver has first ascertained that the movement can be made with safety.* There were no other vehicles on the highway at the time or for that matter during the entire eight minutes Officer Burger followed defendant on Trindle, State and Church Roads. There were no specific facts to create probable cause for the officer to believe that on the one occasion when the passenger side wheels of defendant's vehicle

went onto the berm approximately one foot, and on the other occasion when the driver's side wheels went over the center line for approximately one foot, that such operation of the vehicle constituted a safety hazard.

Furthermore, there was no probable cause for the officer to believe that defendant was not operating her vehicle in a single lane of travel "as nearly as practicable." Section 3309 is a safety provision. If the legislature had wished to demand absolute compliance with the single lane requirement it would not have included the words "as nearly as practicable." The Statutory Construction Act at 1 Pa.C.S. §1903(b) requires that "general words shall be construed to take their meaning and be restricted by preceding particular words." The minuscule movement of the vehicle across the berm line and the center line of Trindle Road, considering the location and the total distance defendant traveled, renders the Commonwealth's position untenable. In contrast are situations where, for example, an operator straddles a center line or a berm line over some distance, or continually cuts off the angle of the center line through turns in a highway, or proceeds to cross the center line where there is oncoming traffic, or weaves over the center line or berm line. Those are specific acts which constitute a section 3309(1) violation. Under the Commonwealth's nonsensical construction of the statute there would hardly ever be a car, much less a truck, that Officer Burger could not stop. The safety provision of section 3309(1) was not legislated to produce such a result.

Since our suppression of all evidence gained as a result of the stop will forestall the ability of the Commonwealth to sustain a conviction of defendant for driving under the influence, it is not necessary to address the other issues raised in her omnibus pretrial motion. Therefore, the following order is entered.

## ORDER OF COURT

And now, September 22, 1993, the motion of defendant to suppress all evidence gained as a result of the stop of her vehicle on January 23, 1993, is granted.